FILED

2009 SEP 17 AM 10: 57

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILIP M. MILBURN, JR. and<br>JEAN COWDEN MILBURN AOKI,<br>JOINT INDEPENDENT EXECUTORS<br>OF THE ESTATE OF HALLIE JEAN<br>MILBURN, DECEASED,<br><br>Petitioners<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent | § § § § § § § § § § § § § § | CIVIL ACTION NO. _____<br><br>SA09CA0762 OG |

## PETITION TO QUASH SUMMONS

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioners Philip M. Milburn, Jr., and Jean Cowden Milburn Aoki, as Joint Independent Executors of the Estate of Hallie Jean Milburn, Deceased ("Petitioners"), file this their Petition to Quash Summons, and in support thereof would show the Court as follows:

## I. PARTIES

1.01  Petitioners Phillip M. Milburn, Jr. and Jean Cowden Milburn Aoki are the Joint Independent Executors of the Estate of Hallie Jean Milburn, Deceased, whose addresses are 755 CR 2615, Rio Medina, Medina County, Texas 78066 and 5325 University Blvd., Dallas, Dallas County, Texas 75209, respectively.

1.02  Respondent is the United States of America.

## II. JURISDICTION AND VENUE

2.01  This is a proceeding under 26 U.S.C. §7609(b)(2) to quash an Internal Revenue Service summons served on the Petitioners' attorney, Charles M. Hornberger ("Petitioners' Attorney"), who resides or is found within the Western District of Texas.

2.02  This Court has jurisdiction of this proceeding and venue is proper pursuant to 26 U.S.C. §7609(h)(1).

## III. NOTICE OF INTENT TO USE SUPPORTING EVIDENCE

3.01  This Petition to Quash Summons is based upon supporting evidence which has been filed with the Appendix to Petition to Quash Summons and incorporated herein by reference as if fully set forth.

## IV. FACTS

4.01  Hallie Jean Milburn ("Decedent") died on February 15, 2006. The IRS Form 706 for the Decedent's estate was filed on November 14, 2006. On July 3, 2007, Petitioners' Attorney received a request to submit information from Mary L. Courtney, an Estate and Gift Tax Attorney of the Internal Revenue Service. On August 21, 2007 Petitioners' Attorney sent to Ms. Courtney a voluminous package of responsive information. See Exs. B and C. On November 7, 2007 Petitioners' Attorney received a request to submit additional information to Ms. Courtney. On November 20, 2007 Petitioners' Attorney sent to Ms. Courtney another voluminous package of information. See Ex. D.

4.02  On April 7, 2008, Ms. Courtney sent to Petitioners' Attorney correspondence requesting additional items be made available for her inspection. See Ex. E. On April 22, 2008, Petitioners' Attorney received another request to submit information from Louis J. Elizondo, an Engineer of the Internal Revenue Service. See Ex. F. On April 23, 2008, Ms. Courtney, J. Raymond Strauch (the "Estate's CPA"), and Petitioners' Attorney met in Petitioners' Attorney's office during which time numerous files responsive to her April 7, 2008 request were made available to Ms. Courtney for inspection and copying. See Ex. K. On April 28, 2008, Ms. Courtney sent to Petitioners' Attorney correspondence requesting additional information. See Ex. G. On April 28, 2008, Petitioners' Attorney sent correspondence to Mr. Elizondo enclosing documents responsive to his April 22, 2008 request for additional information. See Ex. H. On May 1, 2008, the Estate's CPA sent correspondence to Mr. Elizondo enclosing additional documents responsive to his April 22, 2008 request. See Ex. I. On May 21, 2008, Petitioners' Attorney sent to Ms. Courtney correspondence enclosing documents responsive to her request

of April 28, 2008. *See* Ex. J. On October 28, 2008, Ms. Courtney issued a summons to Vitas Hospice, one of Decedent's medical providers, requesting a copy of all of Decedent's medical records.

4.03   On August 19, 2009, Petitioners' Attorney sent to Ms. Courtney correspondence requesting the issuance of a Statutory Notice of Deficiency. *See* Ex. K. This would be the first of four written requests by Petitioners' Attorney requesting the Respondent to issue a Statutory Notice of Deficiency. On February 17, 2009, over two years after Decedent's death, Ms. Courtney sent to Petitioners' Attorney correspondence indicating that she now had "the final information needed in order to write up my findings in this estate audit." *See* Ex. L. Ms. Courtney further provided that "we are now in a position to issue the Statutory Notice of Deficiency", and that she would "issue the Statutory Notice without further delay." *See id.*

4.04   On September 3, 2009, Ms. Courtney issued a summons to Petitioners' Attorney ("Hornberger Summons"). *See* Ex. A. The Hornberger Summons states that it is issued in connection with an investigation of the tax liability of the Estate of Hallie Jean Milburn, and requires the personal appearance of Petitioners' Attorney before Ms. Courtney on September 29, 2009 to give testimony regarding his representation of Hallie Jean Milburn, Deceased. In addition, the Hornberger Summons requires the production by Petitioners' Attorney of the following books, records, papers and other data:

1. Regarding your representation of Hallie Jean Milburn, copies of any fee, or retainer agreements; all e mails, letters, correspondence, notes on telephone conversations, billing records, estate planning files and conflict waivers.

2. Any and all business plans, computations, including projections of tax savings, graphs, flow charts, promotional materials, completed questionnaires and checklists that were made in connection with the decision/s to form and the formations of HJCM Holdings, Ltd., PJM Management, LLC, Milburn Holdings, Ltd., and Milburn Management, LLC. All materials maintained by your office regarding the operations of HJCM Holdings, Ltd., PJM Management, LLC, Milburn Holdings, Ltd., and Milburn Management LLC, from inception/s. All retainer agreements and billing records with respect to the above entities.

4.05    Petitioners' Attorney is a third-party record keeper within the meaning of 26 U.S.C. §7609(a) and Petitioners are identified in the summons and therefore are entitled to notice of the summons under 26 U.S.C. §7609(a)(1).

## V. RELIEF REQUESTED TO QUASH IMPROPER IRS SUMMONS

5.01    "Congress has provided protection from arbitrary or capricious action by placing the federal courts between the Government and the person summoned." *United States v. Michaud*, 907 F.2d 750, 751 (7th Cir. 1990) (en banc) (quoting *United States v. Bisceglia*, 420 U.S. 141, 151 (1974)). This inter-positional duty and intermediary role requires the Court not lend its judicial imprimatur to any administrative summons without a finding of good faith in the agency's conduct and no potential for abuse of the Court's process. *See id.*

5.02    In order to grant enforcement of such a summons, the Court must minimally find from all facts that: (1) the investigation has a legitimate purpose; (2) the information sought may be relevant to that purpose; (3) the IRS does not already have the information; and (4) the IRS has followed the statutory requirements for issuing a summons. *See Mazurek v. United States*, 271 F.3d 226, 230 (5th Cir. 2001) (citing *Powell*, 379 U.S. at 57-58). The Court must "limit the invasion of privacy through the judicial scrutiny to which a summons is subject for its enforcement and through the standards enumerated in *Powell* of legitimate purpose, proper procedure, relevance, and refusal to allow abuse of the court's process." *Id.*

5.03    Further, discovery is necessary whenever the Petitioners must rely on information peculiarly within the knowledge or files of the government. *See United States v. Security Bank & Trust Co.*, 661 F.2d 847, 850 (10th Cir. 1981). In addition, the Supreme Court held in *Powell* that the Commissioner's *prima facie* showing "does not make meaningless the adversary hearing to which the taxpayer is entitled before enforcement is ordered." *See United States v. Powell*, 379 U.S. at 58. Therefore, "[a]t the hearing he may challenge the summons on any appropriate ground." *See id.* Here, discovery is needed, an evidentiary hearing compelled, and the Hornberger Summons rightly quashed for the reasons set out below.

5.04   The Hornberger Summons should be quashed under 26 U.S.C. §7609(b)(2)(A) because it seeks documents that are (i) confidential communications between Petitioners and Petitioners' Attorney made for the purpose of rendering legal services and/or (ii) prepared by Petitioners' Attorney in anticipation of an administrative dispute and/or litigation, and are therefore subject to the attorney-client privilege, the work-product privilege and/or their presence in Petitioners' Attorney's files is subject to such privileges.  *See* Ex. M; *Bernardo v. Comm'r*, 104 T.C. 677 (1995); *Segerstrom v. United States*, 2001-1 USTC ¶50,315 (N.D. Cal. 2001); *Hickman v. Taylor*, 329 U.S. 495 (1947); *Upjohn Co. v. United States*, 449 U.S. 383 (1981).

5.05   In addition, the Hornberger Summons should be quashed under 26 U.S.C. §7609(b)(2)(A) because, on informatioin and belief, the Commissioner already has within its possession substantial portions of those documents sought in the Hornberger Summons from both: (i) Petitioners' Attorney; and (ii) other sources.  *See* Exs. B-M; *See Mazurek v. United States*, 271 F.3d at 230 (5th Cir. 2001) (citing *Powell*, 379 U.S. at 57-58).

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioners Philip M. Milburn, Jr. and Jean Cowden Milburn Aoki, as Joint Independent Executors of the Estate of Hallie Jean Milburn, Deceased, respectfully request an Order quashing the summons and granting such other and further relief as the Court may deem just.

Respectfully submitted,

By: /s/ Charles M. Hornberger
Charles M. Hornberger
State Bar No. 10002700
Email: boxy@hsfblaw.com
David Jed Williams
State Bar No. 21518060
Email: jwilliams@hsfblaw.com
Eduardo L. Morales
State Bar No. 24027527
Email: lalo@hsfblaw.com

HORNBERGER SHEEHAN FULLER &
BEITER INCORPORATED
7373 Broadway, Suite 300
San Antonio, Texas 78209
Telephone 210.271.1700
Facsimile 210.271.1740

**ATTORNEYS FOR PETITIONERS—**
**PHILIP M. MILBURNS, JR. and JEAN COWDEN MILBURN AOKI, JOINT INDEPENDENT EXECUTORS OF THE ESTATE OF HALLIE JEAN MILBURN, DECEASED**